**EXHIBIT**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN BAR ASSOCIATION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL TRADE COMMISSION )<br>)<br>Defendant. )<br>) | No. 1: 02CV01883 (RBW) |

### BRIEF OF CONFERENCE OF CHIEF JUSTICES AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE FTC'S MOTION TO DISMISS THE COMPLAINT

This brief is submitted as *amicus curiae* by the Conference of Chief Justices ("Conference"). Membership in the Conference consists of the highest judicial officers of the fifty states, the District of Columbia, the Commonwealth of Puerto Rico, the Commonwealth of the Northern Mariana Islands, and the territories of American Samoa, Guam, and the Virgin Islands. State supreme courts are traditionally the ultimate authority for the promulgation and enforcement of the regulation of lawyers on a day-to-day basis. Each of the state courts represented in the Conference has promulgated rules of professional conduct to which member attorneys are bound and under which non-compliant conduct is punishable through disciplinary sanctions ranging from private or public reprimand to suspension or disbarment.

The Conference has a history and tradition of working actively to ensure the effectiveness of the codes regulating attorneys and to promote the highest possible standards of ethical and professional conduct, including the attorney's fundamental duty to protect the confidentiality of

client information. Accordingly, the Conference has a substantial interest in providing the Court with its views regarding the extent to which the privacy provisions of the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809 (Supp. 2002) ("GLBA"), are both unnecessary to protect the confidentiality of client information and inconsistent with the existing framework of state regulation of the attorney's duty of confidentiality. Moreover, if applied to lawyers, these provisions would present a threat to the principles of both separation of powers and federalism and are possibly beyond the Constitutional authority of Congress. As a result, it is our view that the GLBA was not intended to cover the attorney-client relationship.

There can be no question that the state ethics rules governing lawyers provide more substantial privacy protections to clients than the GLBA. Under the GLBA, privacy protection is limited to "personally identifiable financial information," whereas state ethics rules protect either all "information related to the representation" (ABA Model Rules of Professional Conduct, R. 1.6(a) (2003) "Model Rules") or all "confidences" and "secrets" of a client (ABA Model Code of Professional Responsibility, DR 4-101(a) (1983)).[1] While the state ethics rules provide limited exceptions to the attorney's duty of confidentiality, these exceptions are far narrower than the twelve enumerated exceptions to the limited protection offered by the GLBA, *see* 15 U.S.C. § 6802(e), or various other loopholes under the GLBA, such as disclosures to "affiliates" of a financial institution, *see* 15 U.S.C. § 6802(b)(1), or disclosures to "nonaffiliated third parties" performing marketing functions for financial institutions, such as telemarketing, *see* 15 U.S.C. § 6802(b)(2).

---

[1] "Confidence" is defined as information protected by the attorney-client evidentiary privilege, while "secret" refers to "other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client." *Id.* The vast majority of states have adopted a version of the Model Rules.

State ethics rules are clearly sufficient to protect the privacy interests of clients, and nothing in the legislative history of the GLBA suggests that Congress thought otherwise, *see* Memorandum of the American Bar Association in Opposition to the FTC's Motion to Dismiss the Complaint, at II. Given that it is unnecessary to extend the GLBA to cover attorneys representing clients, we believe that Congress did not mean to do so.

In addition, we believe that extending the GLBA to cover the attorney-client relationship would be inconsistent with long-standing provisions of state ethics codes regarding an attorney's obligation of fair dealing with opposing counsel and third persons, *see, e.g.,* Model Rules, R. 3.4 and R. 4.1, and of candor to the court, *see, e.g.,* Model Rules, R. 3.3. As judges, we are particularly concerned with the attorney's duty, as an officer of the court, to be candid with the court, including the duty to disclose client information when necessary to protect the integrity of the judicial process, *see, e.g., Nix v. Whiteside,* 475 U.S. 157, 106 S.Ct. 988 (1986). Under the GLBA, consumers are permitted to "opt out" of a financial institution's policy of disclosures, with some exceptions, *see* 15 U.S.C. § 6802. The GLBA provides for disclosure "to the extent specifically permitted or required under other provisions of law," *see* 15. U.S.C. § 6802(e)(5), but we are concerned that both attorneys and their clients will be confused by the relationship between the GLBA and state ethics rules permitting or requiring disclosures in certain circumstances. Moreover, unlike the GLBA, which permits such disclosure *without any notice to consumers*, state ethics rules typically require attorneys to consult with their clients before making disclosures adverse to the clients' interests, *see, e.g.,* Model Rules, R. 1.6, cmt. [12], R. 3.3, cmt. [10]. Absent any need to extend to lawyers' clients the privacy protections offered by the GLBA, we cannot believe that Congress intended to create both the confusion and possible

satellite litigation that would inevitably accompany application of the GLBA to attorneys representing clients.

Finally, the Conference has historically been concerned with both separation of powers and federalism principles –principles that we see jeopardized by the extension of the GLBA to cover the attorney-client relationship. As Congress is well aware, the regulation of lawyers, including enforcement of an attorney's obligation to protect the confidentiality of client information, has traditionally been the province of state supreme courts. Several years ago, an attempt by the United States Attorney General to issue a regulation purporting, without explicit Congressional authority, to preempt state supreme court rules governing contact with represented persons (*e.g.*, Model Rules, R. 4.2) was ruled invalid, *see McDonnell Douglas Corp.*, 132 F. 3d 1252, 1257 (8th Cir. 1998) (holding that nothing in the federal statutes "expressly or impliedly gives the Attorney General the authority to exempt lawyers representing the United States from the local rules of ethics which bind all other lawyers...."). Shortly thereafter, Congress reaffirmed the primary authority of state courts in the area of attorney ethics by passing the "McDade Act," which provides that government attorneys "shall be subject to State laws and rules . . . to the same extent and in the same manner as other attorneys in that State," 28 U.S.C. § 530B.

The Conference recognizes, of course, that Congress may regulate lawyers (and even preempt state law) by the enactment of valid legislation. We are concerned, however, that the application of the GLBA to lawyers with wholly intrastate practices might exceed the constitutional boundaries of congressional power, *see United States v. Lopez*, 514 U.S. 549, 558, 115 S.Ct. 1624, 1629 (1995) (stating that "the proper test requires an analysis of whether the regulated [intrastate] activity 'substantially affects' interstate commerce"). In any event, we submit that proper deference to principles of both separation of powers and federalism requires

declining to extend the GLBA to attorney-client relationships, at least in the absence of a clear expression of congressional intent to regulate them.

For all of the reasons set forth above, we urge the Court to find that the GLBA does not apply to attorney-client relationships.

Respectfully submitted,

*Margaret C. Love*
Margaret Colgate Love, D.C. Bar # 943365
Asbill Moffitt & Boss, Chtd.
1615 New Hampshire Avenue, NW
Washington, D.C. 20009
202-234-9000
202-332-6480 facsimile

*Counsel for the Conference of Chief Justices*